■ In the Matter of KYLE K. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HARRY K., Appellant. [854 NYS2d 270]—

Memorandum: Petitioner commenced this proceeding to terminate the parental rights of respondent father with respect to his two children. Petitioner initially filed a petition seeking

termination of the father's parental rights on the ground of mental illness and subsequently filed a second petition seeking termination on the ground of permanent neglect. Following a single fact-finding hearing, Family Court granted both petitions, terminated the father's parental rights, and committed the guardianship and custody of the children to petitioner. We note at the outset that it was logically inconsistent for the court to grant both petitions. With respect to the petition alleging mental illness, petitioner was required to present clear and convincing evidence that the father is "presently and for the forseeable future unable, by reason of mental illness . . . , to provide proper and adequate care" for the children (Social Services Law § 384-b [4] [c]) while, with respect to the petition alleging permanent neglect, petitioner was required to present, inter alia, evidence that the father failed for the statutory period "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren], although physically and financially able to do so" (§ 384-b [7] [a]). The father could not be found to be mentally ill to a degree warranting termination of his parental rights and at the same time be found to have failed to plan for the future of the children although physically and financially able to do so (see generally Matter of Olivia L., 43 AD3d 1339, 1340 [2007]).

Addressing first the petition seeking termination of the father's parental rights based on mental illness, we conclude that petitioner failed to establish "by clear and convincing evidence that [the father], by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for [his] children" (Matter of Jarred R., 236 AD2d 888, 889 [1997]; see Social Services Law § 384-b [3] [g]; [4] [c]), and we therefore modify the order accordingly. The psychologist who examined the father on petitioner's behalf testified that the psychological tests administered to him were inconclusive and that, during interviews, the father displayed no symptoms of mental illness. The psychologist's conclusion that the father suffered from paranoid schizophrenia was based on the children's statements to the psychologist that the father had stated that other people sent "impulses" to him and that the children would be "switched" and replaced with evil people if they went outside, as well as statements from unnamed individuals that the father covered the lights on his microwave oven with a towel and altered the grades on the children's report cards. No witnesses testified that they observed the father engaging in strange behavior, and there was no testimony concerning the frequency of strange behavior or testimony connecting such behavior with the circumstances that led to the re-

moval of the children from the father's home. Thus, although the father's reported behavior was indeed strange, petitioner failed to establish by clear and convincing evidence that the father suffered from a mental illness that rendered him presently and for the foreseeable future unable to provide proper and adequate care for the children (*cf. Matter of August ZZ.*, 42 AD3d 745, 748 [2007]; *Matter of Charity A.*, 38 AD3d 1276 [2007]; *Matter of Harris AA.*, 285 AD2d 755 [2001]).

We conclude, however, that the court properly granted the petition seeking termination of the father's parental rights on the ground of permanent neglect. Contrary to the father's contention, petitioner met its burden of establishing "by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *see* Social Services Law § 384-b [7] [f]; *Matter of Gregory B.*, 74 NY2d 77, 86 [1989]). Contrary to the further contention of the father, petitioner established that he failed to plan for the future of the children based on his failure to complete a required program of mental health counseling (*see Matter of Jose R.*, 32 AD3d 1284 [2006], *lv denied* 7 NY3d 718 [2006]; *Matter of Krystal J.*, 267 AD2d 1097 [1999]), as well as his failure to acknowledge the children's educational problems, both of which indicated that he was unwilling "to correct the conditions that led to the placement of the children in the custody of petitioner" (*Matter of James H.*, 281 AD2d 920, 920 [2001], *appeal dismissed* 96 NY2d 896 [2001], *cert denied sub nom. Brenda H. v Erie County Dept. of Social Services.*, 534 US 1090 [2002]; *see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]).

Finally, although not raised by the father, we conclude that a dispositional hearing is required based on the termination of his parental rights on the ground of permanent neglect, and "Family Court's failure to hold one requires a remittal for that purpose" (*Matter of Brian W.*, 199 AD2d 1021, 1021-1022 [1993], *appeal dismissed* 83 NY2d 952, 85 NY2d 923 [1994], *lv denied* 86 NY2d 711 [1995]; *see* Family Ct Act §§ 623, 625 [a]; § 631; *Matter of Orange County Dept. of Social Servs. [Edward L.]*, 250 AD2d 853 [1998]; *Matter of Casondra W.*, 184 AD2d 1070, 1071 [1992]). Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.