■ In the Matter of TOYIE FANNIE J. and Another, Children Alleged to be Permanently Neglected. TOYIE D.H., Appellant; HARLEM DOWLING WESTSIDE CENTER FOR CHILDREN, Respondent. [908 NYS2d 673]—

Orders of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about September 1, 2009, which, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence of respondent's failure to plan for the children's future, notwithstanding the petitioning agency's diligent efforts (Social Services Law § 384-b [7] [a]; see Matter of Sheila G., 61 NY2d 368, 380-381 [1984]). Although the agency provided referrals for a mental health evaluation, made arrangements for regular visitations, and met with respondent to review her service plan and discuss the importance of compliance, respondent's visits with the children were sporadic, and she failed to timely comply with the agency's referrals for a mental health evaluation (see Matter of Lady Justice I., 50 AD3d 425 [2008]; Matter of Gina Rachel L., 44 AD3d 367 [2007]; Matter of Jonathan M., 19 AD3d 197 [2005], lv denied 5 NY3d 798 [2005]; Matter of Lamikia Shawn S., 276 AD2d 279 [2000]; Matter of Emily A., 216 AD2d 124 [1995]).

A preponderance of evidence establishes that termination of respondent's parental rights was in the children's best interests (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment was not warranted because, although respondent did ultimately provide the agency with a copy of a mental health evaluation, she still had not commenced counseling, and there was no evidence that she had a realistic, feasible plan to care for the children (see Matter of Rayshawn F., 36 AD3d 429 [2007]; Matter of Antoine M., 7 AD3d 399 [2004]; Matter of Tiffany R., 7 AD3d 297 [2004]; Matter of Darzell Levar D., 6 AD3d 239 [2004]; Matter of Charlene Lashay J., 280 AD2d 320 [2001]; cf. Matter of Christian Lee R., 9 AD3d 275 [2004]). Concur—Mazzarelli, J.P., Sweeney, Moskowitz, Acosta and Román, JJ.