# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**620**
**CAF 10-00705**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

IN THE MATTER OF NICHOLAS B. AND JORDAN B.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,         MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ELEANOR J., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR NICHOLAS B. AND JORDAN B.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered March 12, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondent's parental rights and freed the subject children for adoption.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the children who are the subject of this proceeding on the ground of permanent neglect. We note at the outset that the mother's notice of appeal is premature because it was filed prior to the entry of the order from which the appeal is taken (*see Matter of Danial R.B. v Ledyard M.*, 35 AD3d 1232; *Spano v County of Onondaga*, 170 AD2d 974, *lv denied* 77 NY2d 809, *lv dismissed* 77 NY2d 989). We nevertheless address the merits of the appeal in the exercise of our discretion and in the interest of judicial economy (*see* CPLR 5520 [c]; *Danial R.B.*, 35 AD3d 1232; *Spano*, 170 AD2d 974).

Contrary to the mother's contention, petitioner established by clear and convincing evidence that it exercised diligent efforts to strengthen the mother's relationship with the children (*see generally Matter of Star Leslie W.*, 63 NY2d 136, 142; *Matter of Thomas JJ.*, 20 AD3d 708, 709-710). Petitioner further established that, despite those efforts, the mother "failed substantially and continuously or repeatedly to . . . plan for the future of the child[ren] although . . . able to do so" (*Star Leslie W.*, 63 NY2d at 142; *see Thomas JJ.*, 20 AD3d at 710-711). Although petitioner provided referrals for mental

health services and encouraged the mother to maintain a clean home, the mother did not comply with the requirements that she consistently attend mental health counseling and provide a clean home (*see Matter of Toyie Fannie J.*, 77 AD3d 449; *Matter of Kyle K.*, 49 AD3d 1333, 1335, *lv denied* 10 NY3d 715).  Her failure to satisfy those requirements demonstrates her unwillingness " 'to correct the conditions that led to the placement of the children in the custody of petitioner' " (*Kyle K.*, 49 AD3d at 1335).

Contrary to the mother's further contention, petitioner established by a preponderance of the evidence that termination of her parental rights was in the children's best interests (*see Star Leslie W.*, 63 NY2d at 147-148).  At the time of the dispositional hearing, the children had been in foster care for approximately six years. Even after her parental rights were terminated, the mother made little progress in complying with the required mental health services, and her limited progress was not enough to warrant any additional delay in providing the children with a stable home (*see Matter of Mikia H.*, 78 AD3d 1575, *lv dismissed in part and denied in part* 16 NY3d 760; *Matter of Melissa DD.*, 45 AD3d 1219, 1221, *lv denied* 10 NY3d 701).  Moreover, a suspended judgment was not warranted because "there was no evidence that [the mother] had a realistic, feasible plan to care for the children" (*Toyie Fannie J.*, 77 AD3d 449).  We have considered the mother's remaining contention and conclude that it does not warrant reversal of the order.

Entered:  April 29, 2011                        Patricia L. Morgan
                                                Clerk of the Court