# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1407**
**CAF 11-01487**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

IN THE MATTER OF ELSA R. AND MIRACLE R.
------------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-APPELLANT-RESPONDENT;

                                              MEMORANDUM AND ORDER

GLORIA R., RESPONDENT-RESPONDENT-APPELLANT.
------------------------------------------------
ARDETH L. HOUDE, ESQ., ATTORNEY FOR THE CHILD,
ELSA R., APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF
COUNSEL), FOR PETITIONER-APPELLANT-RESPONDENT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW DUBRIN OF
COUNSEL), FOR RESPONDENT-RESPONDENT-APPELLANT.

ARDETH L. HOUDE, ATTORNEY FOR THE CHILD ELSA R., ROCHESTER, APPELLANT
PRO SE.

-----------------------------------------------------------------------

Appeal and cross appeals from an order of the Family Court,
Monroe County (Dandrea L. Ruhlmann, J.), entered June 25, 2011 in a
proceeding pursuant to Social Services Law § 384-b. The order, among
other things, terminated respondent's parental rights and granted
respondent posttermination visitation with the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the second through seventh
ordering paragraphs and as modified the order is affirmed without
costs.

Memorandum: Petitioner commenced this proceeding seeking to
terminate the parental rights of respondent mother with respect to the
two children at issue. The mother admitted that she permanently
neglected the children and, after a dispositional hearing, Family
Court terminated her parental rights and ordered six yearly
posttermination supervised visits between the mother and the children.
Petitioner now appeals, and the mother and the Attorney for the Child
(AFC) for one of the children cross-appeal.

We reject the contention of the mother and AFC on their cross-
appeals that the court abused its discretion in refusing to enter a
suspended judgment. The record supports the court's determination
that a suspended judgment, i.e., "a brief grace period designed to
prepare the parent to be reunited with the child[ren]" (*Matter of*

*Michael B.*, 80 NY2d 299, 311), was not in the children's best interests (*see Matter of Nicholas B.*, 83 AD3d 1596, 1597-1598, *lv denied* 17 NY3d 705; *Matter of Danielle N.*, 31 AD3d 1205, 1205).  We agree with petitioner on its appeal, however, that the court erred in ordering posttermination visitation (*see Matter of Hailey ZZ.*, 19 NY3d 422, 438), and we therefore modify the order accordingly.  Contrary to the contention of the mother and AFC, we conclude that *Hailey ZZ.* should be applied retroactively.  The Court of Appeals in *Hailey ZZ.* did not announce a "new" rule of law (*see People v Favor*, 82 NY2d 254, 262-263, *rearg denied* 83 NY2d 801), and thus we apply the general rule "that cases on direct appeal will . . . be decided in accordance with the law as it exists at the time the appellate decision is made" (*id.* at 260; *see Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 191, *rearg denied* 56 NY2d 567, *cert denied* 459 US 837).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court