Memorandum: Petitioner commenced this proceeding seeking to terminate the parental rights of respondent mother with respect to the two children at issue. The mother admitted that she permanently neglected the children and, after a dispositional hearing, Family Court terminated her parental rights and ordered six yearly posttermination supervised visits between the mother and the children. Petitioner now appeals, and the mother and the Attorney for the Child (AFC) for one of the children cross-appeal.
We reject the contention of the mother and AFC on their cross-appeals that the court abused its discretion in refusing to enter a suspended judgment. The record supports the court’s determination that a suspended judgment, i.e., “a brief grace period designed to prepare the parent to be reunited with the child[ren]” (Matter of Michael B., 80 NY2d 299, 311 [1992]), was not in the children’s best interests (see Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1597-1598 [2011], lv denied 17 NY3d 705 [2011]; Matter of Danielle N., 31 AD3d 1205, 1205 [2006]). We agree with petitioner on its appeal, however, that the court erred in ordering posttermination visitation (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 438 [2012]), and we therefore modify the order accordingly. Contrary to the contention of the mother and AFC, we conclude that Hailey ZZ. should be applied retroactively. The Court of Appeals in Hailey ZZ. did not announce a “new” rule of law (see People v Favor, 82 NY2d *1689 254, 262-263 [1993], rearg denied 83 NY2d 801 [1994]), and thus we apply the general rule “that cases on direct appeal will ... be decided in accordance with the law as it exists at the time the appellate decision is made” (id. at 260; see Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 191 [1982], rearg denied 56 NY2d 567 [1982], cert denied 459 US 837 [1982]). Present— Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.