# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**563**
**CAF 14-02135**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ALEXUS R.L.
------------------------------------------------
GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ASHLEY K., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

PAULA A. CAMPBELL, BATAVIA, FOR PETITIONER-RESPONDENT.

SARA E. ROOK, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered October 28, 2014 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In appeal No. 1, respondent mother appeals from an order that terminated her parental rights with respect to her child Alexus on the ground of permanent neglect, and in appeal No. 2, she appeals from an identical order that terminated her parental rights with respect to her child Jordin on the same ground.  We affirm.

On appeal, the mother does not challenge Family Court's determination that she permanently neglected the subject children, and the record of the dispositional hearing supports the court's determination that the best interests of the children would be served by terminating the mother's parental rights and freeing them for adoption (*see Matter of La'Derrick J.W. [Ashley W.]*, 85 AD3d 1600, 1602, *lv denied* 17 NY3d 709; *Matter of Eleydie R. [Maria R.]*, 77 AD3d 1423, 1424).  Contrary to the mother's contention in both appeals, the record supports the court's determination that she made only minimal progress in addressing the issues that resulted in the children's removal from her custody, which was " 'not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Alexander M. [Michael A.M.]*, 106 AD3d 1524, 1525; *see Matter of Joanna P. [Patricia M.]*, 101 AD3d 1751, 1752, *lv denied* 20 NY3d 863; *Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1161-1162).  Consequently, we agree with the court's determination that a suspended

judgment would not serve the best interests of the children (*see Matter of Alex C., Jr. [Alex C., Sr.]*, 114 AD3d 1149, 1150, *lv denied* 23 NY3d 901; *Matter of Tiara B. [Torrence B.]*, 70 AD3d 1307, 1307-1308, *lv denied* 14 NY3d 709; *see generally Matter of Mercedes L.*, 12 AD3d 1184, 1185).

The mother failed to preserve for our review her further contention that the court should have awarded custody of the subject children to their maternal grandmother, because she did not seek that result at the dispositional hearing (*see generally Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1343, *lv denied* 19 NY3d 801; *Matter of Christian A.*, 6 AD3d 1177, 1178, *lv denied* 3 NY3d 604).

Entered:  June 10, 2016                           Frances E. Cafarell
                                                  Clerk of the Court