# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**58**
**CAF 15-02170**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF JAMES P., JR., ALSO KNOWN
AS JUSTUS H.
------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF CHILDREN
AND FAMILY SERVICES, PETITIONER-RESPONDENT;

TIFFANY H., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF
COUNSEL), FOR RESPONDENT-APPELLANT.

ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL),
FOR PETITIONER-RESPONDENT.

ANTHONY P. BELLETIER, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County
(Michael L. Hanuszczak, J.), entered December 10, 2015 in a proceeding
pursuant to Social Services Law § 384-b. The order, among other
things, terminated respondent's parental rights.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this permanent neglect proceeding pursuant to
Family Court Act article 6 and Social Services Law § 384-b, respondent
mother appeals from an order that, inter alia, terminated her parental
rights with respect to the subject child. Initially, we note that
"where, as here, a parent admits to permanent neglect, there is no
need for [petitioner] to put forth evidence establishing—nor is it
necessary for the court to determine—that [petitioner] had exercised
diligent efforts to strengthen the parental relationship" (*Matter of
Aidan D.*, 58 AD3d 906, 908; *see Matter of Eleydie R. [Maria R.]*, 77
AD3d 1423, 1424).

Contrary to the mother's contention, Family Court did not abuse
its discretion in limiting the evidence concerning whether the subject
child's foster parents were qualified to adopt him. The court
permitted certain questioning concerning the suitability of the foster
parents to adopt the subject child, and there is clear and convincing
evidence supporting its determination that it was in the child's best
interests to terminate the mother's parental rights and free him for
adoption. Consequently, the court did not abuse its discretion in
limiting any further evidence regarding the foster parents at the

hearing.  Indeed, "it must be emphasized that termination of parental rights does not hinge upon a comparison of the relative benefits offered a child by his [biological] family to those offered by the foster family" (*Matter of Leon RR*, 48 NY2d 117, 124).  In any event, "the ultimate purpose of the dispositional inquiry was not to determine whether the [child was] in the best possible foster placement—a determination statutorily entrusted to petitioner—but to decide whether [his] best interests required termination of the mother's parental rights" (*Matter of Michael JJ. [Gerald JJ.]*, 101 AD3d 1288, 1293, *lv denied* 20 NY3d 860).  Here, "[g]iven the evidence that the [child's] progress in the foster home was satisfactory, and the lack of any evidence that the mother was capable of offering [him] a safe home, the court's determination to commit the [child's] guardianship and custody to petitioner was in [his] best interests" (*id.*).

Contrary to the mother's further contention, the court did not abuse its discretion in declining to grant a suspended judgment.  It is well settled that a suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311; *see* Family Ct Act § 633).  The record establishes that the mother made "only minimal progress in addressing the issues that resulted in the [child's] removal from her custody, which was not sufficient to warrant any further prolongation of the [child's] unsettled familial status" (*Matter of Alexus R.L. [Ashley K.]*, 140 AD3d 1699, 1700 [internal quotation marks omitted]).

Entered:  March 24, 2017

Frances E. Cafarell
Clerk of the Court