■ In the Matter of DANARYEE B., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERICA T., Appellant. [56 NYS3d 755]—

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered June 16, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred the guardianship and custody of the subject child to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child pursuant to Social Services Law § 384-b on the ground of permanent neglect. At the outset, we note that the mother expressly waived her right to a dispositional hearing, and thus Family Court properly entered a disposition without holding such a hearing (*see Matter of Andrew Z.*, 41 AD3d 912, 913 [2007]; *see generally* Family Ct Act § 625 [a]). Contrary to the mother's contention, the court did not abuse its discretion in declining to enter a suspended judgment. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *see* § 633), and may be warranted where the parent has made sufficient progress in addressing the issues that led to the child's removal from custody (*see Matter of James P. [Tiffany H.]*, 148 AD3d 1526, 1527 [2017]; *Matter of Sapphire A.J. [Angelica J.]*, 122 AD3d 1296, 1297 [2014], *lv denied* 24 NY3d 916 [2015]). Here, the credible evidence at the hearing, including the testimony of petitioner's caseworker that the mother's apartment lacked a stove, and a bed or clothes for the child, established that the mother had not made sufficient progress in providing the child with suitable living conditions (*see Matter of Andie M. [Kimberly M.]*, 101 AD3d 1638, 1638-1639 [2012], *lv denied* 20 NY3d 1053 [2013]). Moreover, the court's findings concerning lack of meaningful visitation, lack of transportation, financial concerns, and unsuitable living conditions demonstrate that the court was properly concerned with the child's best interests, and thus the court properly determined that a suspended judgment was unwarranted (*see Matter of Danielle N.*, 31 AD3d 1205, 1205 [2006]; *see also Matter of Calvario Chase Norall W. [Denise W.]*, 85 AD3d 582, 583 [2011]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.