Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered November 4, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed.
 

 Memorandum: Respondent father appeals from an order that, inter alia, terminated his parental rights on the ground of permanent neglect with respect to the subject children and freed the children for adoption. The children were removed from the father’s home and placed in foster care after a domestic violence incident when the father was beating his wife and throwing objects, and a diaper bag thrown by the father struck one of the children. Contrary to the father’s contention, petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between him and the children (see Social Services Law § 384-b [3] [g] [i]; [4] [d]; [7] [f]; Matter of Burke H. [Richard H.], 134 AD3d 1499, 1500 [2015]; Matter of Kelsey R.K. [John J.K.], 113 AD3d 1139, 1139 [2014], lv denied 22 NY3d 866 [2014]; see generally Matter of Sheila G., 61 NY2d 368, 373 [1984]). Among other things, petitioner conducted service plan reviews and provided supervised visitation with the children until the visits were suspended because of the father’s behavior during the visits. Petitioner also referred the father to parenting and domestic violence programs and to anger management and mental health counseling.
 

 We conclude that, despite those diligent efforts, the father failed to plan for the future of the children (see Burke H., 134 AD3d at 1500-1501). The father did not complete all of the programs or regularly attend mental health treatment and, as noted above, Family Court suspended his supervised visits with the children because of his belligerent and threatening behavior during the visits. To the extent that the father completed any of the recommended programs or services, he “did not successfully address or gain insight into the problems that led to the removal of the child [ren] and continued to prevent the child [ren’s] safe return” (Matter of Giovanni K, 62 AD3d 1242, 1243 [2009], lv denied 12 NY3d 715 [2009]; see Matter of Rachael N. [Christine N.], 70 AD3d 1374, 1374 [2010], Iv denied 15 NY3d 708 [2010]).
 

 We reject the father’s contention that the court erred in allowing him to represent himself at the dispositional hearing. The father had both a constitutional right and a statutory right to be represented by counsel in this Family Court Act article 6 proceeding (see generally Matter of Casey N., 59 AD3d 625, 627 [2009]). That right may be waived and the party may opt to proceed pro se (see id.; Matter of Kristin R.H. v Robert E.H., 48 AD3d 1278, 1279 [2008]; Matter of Meko M., 272 AD2d 953, 954 [2000]). The colloquy between the father and the court established that the father’s decision to proceed pro se was made knowingly, intelligently, and voluntarily (see generally Casey N., 59 AD3d at 627-628).
 

 Contrary to the father’s contention, the record supports the court’s determination that termination of the father’s parental rights was in the best interests of the children (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Kendalle K. [Corin K], 144 AD3d 1670, 1672 [2016]). The father further contends that the court erred in relying on an exhibit that was not admitted in evidence in rendering its determination after the dispositional hearing. It appears that much of the information in that exhibit, which consisted of incident reports that documented instances when the father threatened visitation staff and caseworkers, was already before the court through the caseworker’s visitation notes that were admitted in evidence during the dispositional hearing, and some incident reports that were admitted in evidence during the fact-finding hearing and that the court took judicial notice of during the dispositional hearing. To the extent that the information in the exhibit was not already in evidence, we conclude that the court’s reliance thereon was harmless inasmuch as the record otherwise supports the court’s determination to terminate the father’s parental rights (see generally Matter of Danaryee B. [Erica T.], 145 AD3d 1568, 1568-1569 [2016]). We have considered the father’s remaining contention and conclude that it is without merit.
 

 Present — Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.