■ In the Matter of ILLION RR., Alleged to be a Permanently Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHAEL SS., Appellant. [62 NYS3d 220]—

---

Pritzker, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered September 12, 2016, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.

Jeffrey RR. and respondent are the unmarried parents of a child (born in 2011). In August 2013, petitioner filed a neglect petition, and, in January 2014, respondent consented to removal and placement of the child with petitioner and a finding of neglect. After a dispositional hearing, Family Court ordered continued placement of the child with petitioner, in addition to a one-year order of supervision. From March 2014 to February 2016, during which time four permanency hearings were conducted, petitioner duly filed permanency hearing reports and motions for extension of supervision and, further, filed several violation petitions alleging that respondent had violated Family Court's order of disposition.* In March 2016, petitioner filed a permanent neglect petition seeking to terminate respondent's parental rights and free the child for adoption. On July 5, 2016, respondent consented to a finding of permanent neglect and, following a dispositional hearing, Family Court denied respondent's request for a one-year suspended judgment, terminated respondent's parental rights and approved a permanency plan to free the child for adoption. Respondent now appeals.

Respondent contends that Family Court abused its discretion in terminating her parental rights rather than granting her a suspended judgment. "The singular inquiry in a dispositional hearing following an adjudication of permanent neglect is which disposition relating to the child's future care and custody is in his or her best interests; there is no presumption that any particular disposition will promote such interests" (*Matter of Merinda MM. [Sirena NN.]*, 143 AD3d 1095, 1096 [2016] [citations omitted], *lv denied* 28 NY3d 910 [2016]; *see* Family Ct Act § 631; *Matter of Landon U. [Amanda U.]*, 132 AD3d 1081, 1085 [2015]). One alternative at the conclusion of a dispositional hearing is a suspended judgment (*see* Family Ct Act § 631 [b]). "The purpose of a suspended judgment is to provide a parent who has been found to have permanently ne-

---

* Respondent admitted to one violation and, as a result, received a 45-day suspended jail sentence.

glected his or her child with a brief grace period within which to become a fit parent with whom the child can be safely reunited" (*Matter of Jessica U. [Stephanie U.]*, 152 AD3d 1001, 1006 [2017] [internal quotation marks, brackets and citations omitted]; *see Matter of Carter A. [Courtney QQ.]*, 121 AD3d 1217, 1220 [2014]). A suspended judgment is only appropriate where the parent "has clearly demonstrated that [he or she] deserve[s] another opportunity to show that [he or she has] the ability to be a fit parent" (*Matter of Anastasia FF.*, 66 AD3d 1185, 1187 [2009] [internal quotation marks and citations omitted], *lv denied* 13 NY3d 716 [2010]). This Court accords "great deference" to Family Court's determination because it has the "opportunity to evaluate the demeanor and credibility of witnesses, and [we] will disturb its factual findings only if they lack a sound and substantial basis in the record" (*Matter of Victor WW. [Salma XX.]*, 96 AD3d 1281, 1282 [2012] [internal quotation marks and citations omitted]; *see Matter of Maelee N.*, 48 AD3d 929, 930 [2008], *lv denied* 10 NY3d 709 [2008]).

Testimony at the dispositional hearing established that, following the finding of neglect, the terms and conditions of the order of disposition required that respondent undergo mental health counseling and substance abuse treatment, participate in protective parenting classes and domestic violence services and engage in visitations with the child. Karen Fitzpatrick, a supervisor in petitioner's foster care unit, testified that respondent was not currently pursuing or involved with any of those programs. Although respondent was required to reside in Chemung County, she moved to New York City in March 2016 without permission from petitioner and remained there despite being reminded of her obligations. Respondent has not pursued any of her required services while in New York City and, since her move, has only visited the child twice.

Respondent also testified at the dispositional hearing and admitted that she is not currently engaged in any services for mental health, substance abuse, parenting classes or domestic violence. Respondent further testified that she had not completed a domestic violence program or mental health and substance abuse treatments, as she was required to do. Additionally, respondent acknowledged that, while she was required to visit the child on a consistent basis, she had only done so on two occasions. Respondent also conceded that she did not get permission from her caseworker to move away from Chemung County, despite previously being ordered by Family Court to reside within the county to facilitate contact with the child.

Testimony of the foster mother established that the child has been in her care since December 2015 and that respondent stopped visiting the child in February 2016, prior to her move to New York City. While respondent calls the child about once a week, she does not call about scheduling a visit. The foster mother also testified that, in July 2016, respondent came back to Chemung County but did not contact her about seeing the child; by chance, however, respondent did see the child while in the parking lot of a local supermarket and told the child that she loved and missed him.

Although respondent faults Family Court for failing to address the lack of evidence regarding the bond between the foster parent and the child, we note that the bond between a child and foster parent is but one factor that may be considered in the best interests calculus (*see Matter of Bayley W. [Patrick K.]*, 146 AD3d 1097, 1101 [2017], *lv denied* 29 NY3d 907 [2017]; *Matter of Trestin T. [Shawn U.]*, 82 AD3d 1535, 1537 [2011], *lv denied* 17 NY3d 704 [2011]). Here, the testimony at the dispositional hearing demonstrates respondent's longstanding and continuous failure to seek, and remain in, the treatment required of her. Additionally, there is no evidence that respondent has attempted to plan for the child's future in any way, as evidenced by her noncompliance with the requirements that she continue to reside in Chemung County and notify petitioner of any changes in residence and regularly visit the child. Accordingly, giving the appropriate deference to Family Court's factual assessments and choice among dispositional alternatives, there is a sound and substantial basis for the court's determination that terminating respondent's parental rights and freeing the child for adoption was in his best interests (*see Matter of Bayley W. [Patrick K.]*, 146 AD3d at 1101; *Matter of Aniya L. [Samantha L.]*, 124 AD3d 1001, 1005-1006 [2015], *lv denied* 25 NY3d 904 [2015]).

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.