Matter of Matthew S., Jr. (Matthew S.) (2019 NY Slip Op 00800)





Matter of Matthew S., Jr. (Matthew S.)


2019 NY Slip Op 00800


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1455 CAF 18-00182

[*1]IN THE MATTER OF MATTHEW S., JR., AND MAKAILA S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; MATTHEW S., RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
KATHERINE E. MEIER-DAVIS, BUFFALO, FOR PETITIONER-RESPONDENT. 
JOHN L. TRIGILIO, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 10, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order terminating his parental rights with respect to the subject children based on a finding of permanent neglect, and freeing the children for adoption. Contrary to the father's contention, Family Court did not abuse its discretion in denying his request for a suspended judgment. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017]; Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]; see also Family Ct Act § 633), and "is only appropriate where the parent has clearly demonstrated that [he or she] deserve[s] another opportunity to show that [he or she has] the ability to be a fit parent" (Matter of Illion RR. [Rachael SS.], 154 AD3d 1126, 1128 [3d Dept 2017], lv denied 30 NY3d 908 [2018] [internal quotation marks omitted]). The determination of whether to grant a suspended judgment must be based solely on the best interests of the child (see § 631).
Here, " there was no evidence that [the father] had a realistic, feasible plan to care for the children' " (Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1598 [4th Dept 2011], lv denied 17 NY3d 705 [2011]; see Matter of Sean W. [Brittany W.], 87 AD3d 1318, 1319 [4th Dept 2011], lv denied 18 NY3d 802 [2011]), and the court's determination that, even if given more time, the father was not likely to change sufficiently to enable him to parent the children is entitled to great deference (see Matter of Brendan S., 39 AD3d 1189, 1190 [4th Dept 2007]; Matter of Danielle N., 31 AD3d 1205, 1205 [4th Dept 2006]; Matter of Michael V., 279 AD2d 668, 669 [3d Dept 2001], lv denied 96 NY2d 709 [2001]). We therefore conclude that the minimal progress made by the father in the weeks preceding the dispositional hearing " was not sufficient to warrant any further prolongation of the [children's] unsettled familial status' " (James P., 148 AD3d at 1527; see Matter of Jose R., 32 AD3d 1284, 1285 [4th Dept 2006], lv denied 7 NY3d 718 [2006]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court