Matter of D'Angel M.-B. (Donell M.-B.) (2019 NY Slip Op 04842)





Matter of D'Angel M.-B. (Donell M.-B.)


2019 NY Slip Op 04842


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


604 CAF 17-01543

[*1]IN THE MATTER OF D'ANGEL M.-B. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DONELL M.-B., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT. 
ROBERT S. TEMPLE, EAST SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered August 24, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. Contrary to the father's contention, petitioner demonstrated by the requisite clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the child (see Social Services Law § 384-b [7] [a]). Among other things, petitioner developed a service plan for the father that included drug and alcohol evaluations, a psychological evaluation, domestic violence classes, parenting classes, and visitation with the child (see Matter of Anastasia S. [Michael S.], 121 AD3d 1543, 1543-1544 [4th Dept 2014], lv denied 24 NY3d 911 [2014]; Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]). Petitioner also encouraged the father to maintain safe and stable housing, made numerous attempts to inspect the father's home to assess its safety, and continuously sought information pertaining to potential resources for the child.
Contrary to the father's further contention, petitioner established that, despite those efforts, the father failed to plan for the child's future (see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1500-1501 [4th Dept 2015]). It is well settled that, "to plan substantially for a child's future, the parent must take meaningful steps to correct the conditions that led to the child's removal' " (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]) and, here, the father refused to engage with any of the services ordered by Family Court, other than visitation (see generally Matter of Brady J.C. [Justin P.C.], 154 AD3d 1325, 1326 [4th Dept 2017], lv denied 30 NY3d 909 [2018]; Matter of Mia Veronica B. [Brandy Veronica R.], 145 AD3d 438, 439 [1st Dept 2016]). The refusal to engage with services thus demonstrates a failure "to address or gain insight into the problems that led to the removal of the child[] and continued to prevent the child['s] safe return" (Matter of London J. [Niaya W.], 138 AD3d 1457, 1458 [4th Dept 2016], lv denied 27 NY3d 912 [2016] [internal quotation marks omitted]; see Burke H., 134 AD3d at 1501). To the extent that the father testified that he did not participate in court-ordered services because his previous attorney advised him not to complete them, the court found that testimony to be "of limited credibility," [*2]and we see no reason to disturb the court's credibility determination. "The court is in a unique position to observe the witnesses and determine their credibility and its determinations are entitled to great deference where, as here, those determinations are supported by the record" (Matter of Terry L.G., 6 AD3d 1144, 1145 [4th Dept 2004]). In view of the foregoing, we reject the father's contention that he received ineffective assistance of counsel based on his previous attorney's purported conduct (see generally People v Baldi, 54 NY2d 137, 147 [1981]; Matter of Kemari W. [Jessica J.], 153 AD3d 1667, 1668 [4th Dept 2017], lv denied 30 NY3d 909 [2018]).
We further conclude that the court did not abuse its discretion in refusing to enter a suspended judgment. Although the father made some progress after petitioner commenced this proceeding, the record of the dispositional hearing establishes that he failed to attend domestic violence counseling, failed to sign releases so that the caseworker could "do clearance" on his home to determine whether it was safe for the child, continued to use drugs, and had no job or source of income. Thus, any progress made by the father "was not sufficient to warrant any further prolongation of the [child's] unsettled familial status" (Matter of Alexus R.L. [Ashley K.], 140 AD3d 1699, 1700 [4th Dept 2016] [internal quotation marks omitted]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court