Matter of Braylynn S. (Eric S.) (2020 NY Slip Op 01779)





Matter of Braylynn S. (Eric S.)


2020 NY Slip Op 01779


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


231 CAF 18-01007

[*1]IN THE MATTER OF BRAYLYNN S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ERIC S., SR., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered December 26, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, respondent father appeals from two orders that terminated his parental rights to the subject children on the ground of permanent neglect. Contrary to the father's contention in both appeal No. 1 and appeal No. 2, petitioner demonstrated by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the relationship between the father and the children (see
§ 384-b [7] [a]; Matter of Kyle K., 49 AD3d 1333, 1335 [4th Dept 2008], lv denied 10 NY3d 715 [2008]) and that, despite those efforts, the father failed " to correct the conditions that led to the placement of the children in the custody of petitioner' " (Kyle K., 49 AD3d at 1335). In the original neglect proceeding, the father admitted that he "failed to cooperate with intensive or preventative services," and in the instant proceedings petitioner established that the father continued to be uncooperative and argumentative with service providers and was unable to consistently apply the knowledge and benefits that he gained from those services that were provided (see Matter of Serenity G. [Orena G.], 101 AD3d 1639, 1640 [4th Dept 2012]; Matter of Gerald G. [Orena G.], 91 AD3d 1320, 1321 [4th Dept 2012], lv denied 19 NY3d 801 [2012]; see also Matter of Brady J.C. [Justin P.C.], 154 AD3d 1325, 1326 [4th Dept 2017], lv denied 30 NY3d 909 [2018]). The refusal to engage with services "demonstrates a failure to address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (Matter of D'Angel M.-B. [Donell M.-B.], 173 AD3d 1764, 1765 [4th Dept 2019] [internal quotation marks omitted]).
Contrary to the father's further contention in both appeals, Family Court did not abuse its discretion in refusing to enter a suspended judgment with respect to each child. The record of the dispositional hearing establishes that the father did not have " a realistic, feasible plan to care for the children' " (Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1598 [4th Dept 2011], lv denied 17 NY3d 705 [2011]) and that "any progress made by the father was not sufficient to warrant any further prolongation of the [children's] unsettled familial status" (D'Angel M.-B., 173 AD3d at 1766 [internal quotation marks omitted]; see Matter of Eden S. [Joshua S.], 170 AD3d 1580, 1583 [4th Dept 2019], lv denied 33 NY3d 909 [2019]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court