Matter of Moses K.B. (Monroe County Dept. of Human Servs.) (2025 NY Slip Op 03927)

Matter of Moses K.B. (Monroe County Dept. of Human Servs.)

2025 NY Slip Op 03927

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

508 CAF 24-01123

[*1]IN THE MATTER OF MOSES K.B. AND SOPHIA S.B.
and
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; EZRA B.B., JR., RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered July 1, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order terminating his parental rights with respect to the subject children and freeing them for adoption. Contrary to the father's contention, Family Court did not abuse its discretion in denying his request for a suspended judgment. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017]; Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]), and is appropriate only "where the parent has clearly demonstrated that [they] deserve[ ] another opportunity to show that [they have] the ability to be a fit parent" (Matter of Illion RR. [Rachael SS.], 154 AD3d 1126, 1128 [3d Dept 2017], lv denied 30 NY3d 908 [2018] [internal quotation marks omitted]).
Here, " 'there was no evidence that [the father] had a realistic, feasible plan to care for the children' " (Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1598 [4th Dept 2011], lv denied 17 NY3d 705 [2011]; see Matter of Sean W. [Brittany W.], 87 AD3d 1318, 1319 [4th Dept 2011], lv denied 18 NY3d 802 [2011]). In addition, any progress that the father had made in addressing the issues that led to the children's removal was not sufficient to warrant "further prolongation of the [children's] unsettled familial status," especially given that the children have now spent almost seven years in petitioner's custody (Matter of Mea V. [Brandon V.], 235 AD3d 1242, 1243 [4th Dept 2025] [internal quotation marks omitted]; see Matter of Matthew S., Jr. [Matthew S.], 169 AD3d 1456, 1456-1457 [4th Dept 2019]; Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627-1628 [4th Dept 2017], lv denied 30 NY3d 911 [2018]). Therefore, the court did not abuse its discretion in determining that a suspended judgment was not in the children's best interests (see Matter of Latoria B. [Bianca B.], 222 AD3d 1449, 1450 [4th Dept 2023], lv denied 41 NY3d 987 [2024]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court