Matter of Nolin X.A.C. (Nicky C.) (2025 NY Slip Op 04388)

Matter of Nolin X.A.C. (Nicky C.)

2025 NY Slip Op 04388

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

531 CAF 24-00140

[*1]IN THE MATTER OF NOLIN X.A.C. —————————————————————— CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
NICKY C., RESPONDENT-APPELLANT. 

ANDREW J. DIPASQUALE, ROCHESTER, FOR RESPONDENT-APPELLANT. 
LISA A. BOWMAN, AUBURN, FOR PETITIONER-RESPONDENT.
HEIDI S. CONNOLLY, SKANEATELES, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Cayuga County (Jon E. Budelmann, A.J.), entered October 31, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect. We affirm.
Contrary to the mother's contention, Family Court did not abuse its discretion in declining to enter a suspended judgment. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Family Ct Act § 633) and is not warranted where the parent has not made sufficient progress in addressing the issues that led to the child's removal from custody (see Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [4th Dept 2017], lv denied 29 NY3d 908 [2017]; Matter of Sapphire A.J. [Angelica J.], 122 AD3d 1296, 1297 [4th Dept 2014], lv denied 24 NY3d 916 [2015]). Here, the court's findings concerning the mother's continuing issues with visitation, her persisting lack of transportation, her financial concerns, and her unstable living condition demonstrate that the court was properly focused on the child's best interests (see Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017]). Based on its findings, the court determined that a suspended judgment was unwarranted inasmuch as the steps taken by the mother to address the issues that led to the child's removal were "not sufficient to warrant any further prolongation of the child's unsettled familial status" (Matter of Alexander M. [Michael A.M.], 106 AD3d 1524, 1525 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Zackery S. [Christa P.], 224 AD3d 1336, 1337 [4th Dept 2024], lv denied 41 NY3d 909 [2024]). The court's findings are entitled to great deference (see Matter of Matthew S., Jr. [Matthew S.], 169 AD3d 1456, 1456 [4th Dept 2019]; Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]), and we conclude that the evidence supports the court's determination that termination of the mother's parental rights is in the best interests of the child (see Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court