Matter of Dax S. (Sunshine P.) (2026 NY Slip Op 00673)

Matter of Dax S. (Sunshine P.)

2026 NY Slip Op 00673

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

52 CAF 24-00295

[*1]IN THE MATTER OF DAX S. AND REMI S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SUNSHINE P., RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
SHELBY MAROSELLI, BUFFALO, FOR PETITIONER-RESPONDENT.
WILLIAM R. HITES, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered January 4, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject children on the ground of permanent neglect, transferred guardianship and custody of the children to petitioner, and freed the children for adoption. We affirm.
Contrary to the mother's contention, Family Court did not abuse its discretion in declining to enter a suspended judgment. A suspended judgment "is a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017]; see also Family Ct Act § 633). It "is only appropriate where the parent has clearly demonstrated that [they] deserve[ ] another opportunity to show that [they have] the ability to be a fit parent" (Matter of Matthew S., Jr. [Matthew S.], 169 AD3d 1456, 1456 [4th Dept 2019] [internal quotation marks omitted]). "The determination of whether to grant a suspended judgment must be based solely on the best interests of the child" (id.; see § 631).
Here, the record establishes that the mother had admitted that she neglected the children by reason of her substance use and her failure to engage in substance abuse counseling and treatment. Her service contract required her to engage in a substance abuse program, but she had not done so for over a year at the time of the dispositional hearing. The mother admitted that she continued to drink alcohol and had overdosed on some substance just a month before she testified. She also denied needing treatment for substance abuse.
A suspended judgment "is not warranted where the parent has not made sufficient progress in addressing the issues that led to the child[ren]'s removal from custody" (Matter of Nolin X.A.C. [Nicky C.], 240 AD3d 1388, 1388 [4th Dept 2025]; see Matter of London J. [Niaya W.], 138 AD3d 1457, 1457-1458 [4th Dept 2016], lv denied 27 NY3d 912 [2016]; Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]). The court's determination that it would not be appropriate to give the mother additional time through a suspended judgment is entitled to great deference (see Nolin X.A.C., 240 AD3d at 1389; Matthew S., Jr., 169 AD3d at 1456). The children had been in the care of the foster parents for almost two years by the time of the dispositional hearing, and the children had bonded with the foster parents and were doing well. We conclude that the court properly determined that a suspended judgment was unwarranted (see Matter of Patience E. [Victoria E.], 225 AD3d [*2]1181, 1183 [4th Dept 2024], lv denied 42 NY3d 904 [2024]) and that termination of the mother's parental rights was in the best interests of the children (see Nolin X.A.C., 240 AD3d at 1389).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court