■ In the Matter of JOSHUA J., a Child Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; JENNIFER J., Appellant. [601 NYS2d 913] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered March 20, 1991, which terminated appellant's parental rights following a fact-finding determination that she had permanently neglected the subject child, and awarded custody and guardianship of the child to the Commissioner of Social Services and petitioner child care agency for purposes of adoption, unanimously affirmed, without costs.

The Family Court properly terminated appellant's parental rights upon the basis of clear and convincing evidence that diligent efforts by petitioner to encourage and strengthen the parental relationship and reunite appellant with the child were thwarted by appellant's repeated failure to maintain contact with or plan for the future of the child (Social Services Law § 384-b [7]). Such efforts included attempts to implement visitation with the child on a bi-weekly basis, repeated attempts to contact appellant whose whereabouts were unknown for long periods of time, repeated scheduling of agency conferences and psychiatric evaluations for which appellant failed to appear, and unsuccessfully encouraging appellant to complete the required treatment for her substance abuse. "Diligent" in this context means "reasonable" (Social Services Law § 384-b [7] [f]). "[A]n agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" *(Matter of Sheila G.,* 61 NY2d 368, 385; *see also, Matter of Alexander,* 127 AD2d 517, 520).

We reject appellant's contention that the Family Court's findings of diligent efforts were improperly based upon the testimony of caseworkers and case records from agencies dealing with appellant's other children. The record reveals that all the agencies coordinated their efforts and repeatedly advised the appellant that her drug addiction was the major obstacle preventing family reunification, thus necessitating the successful completion of a drug rehabilitation plan as a prerequisite to the return of her child. *(See, Matter of Michael M.,* 172 AD2d 152; *Matter of Ronald YY.,* 101 AD2d 895.)

We have reviewed appellant's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.