■ In the Matter of DANIEL AA., a Child Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES AA., Appellant. (And Another Related Proceeding.) In the Matter of DANIEL AA., a Child Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA AA., Appellant. (And Another Related Proceeding.) [659 NYS2d 960] —Casey, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered April 28, 1995, which granted petitioner's applications, in four proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents are the parents of James (born in 1988) and Daniel (born in 1991). Since December 1991, the children have continuously been in the care and custody of petitioner. Upon their admission in court that they had neglected their children, respondents were required, by order entered March 1993, to comply with various conditions so that the children could ultimately be returned to them. When these efforts failed, petitioner commenced these proceedings alleging that the children were permanently neglected and seeking to terminate respondents' parental rights. An extensive fact-finding hearing was held after which Family Court found the children to be

permanently neglected. Respondents' parental rights were thereafter terminated at the conclusion of a dispositional hearing. Respondents appeal.

We initially reject respondents' contention that petitioner failed to prove that it made diligent efforts to encourage and strengthen the parental relationship as required by Social Services Law § 384-b (7) (*see, Matter of Sheila G.*, 61 NY2d 368, 384-385; *Matter of Shannon U. [Teresa V.]*, 210 AD2d 752, 753, *lv denied* 85 NY2d 807). The record establishes that petitioner, with the help of four other service agencies, set up an appropriate service plan, which was updated every six months, that was tailored to respondents' specific needs and circumstances. Various goals, tasks and services were established including mental health and substance abuse treatment, domestic violence counseling and parenting classes. In addition, suitable arrangements for visitation, which were constantly modified to meet the family's present needs and circumstances, were made in an attempt to reintegrate the children into the home.

Although petitioner diligently identified the problems facing the family and made "affirmative, repeated, and meaningful efforts" to assist respondents in addressing and overcoming them (*Matter of Sheila G., supra,* at 385), respondents were either resistant to changing or denied the existence of behavior that caused the removal of their children in the first place (*see, Matter of Shavonda GG.,* 232 AD2d 780, 781). For example, although the mother was required to participate in regular mental health counseling, she was inconsistent in seeing her health care provider. Respondents also failed to cooperate with their caseworkers on a consistent basis and, in fact, the mother threatened to harm one worker and her family. Although the father completed an alcoholism treatment program in January 1993, there is further evidence that he has had subsequent episodes of binge drinking during which time he continues to be violent toward the mother. In this regard, respondents, although ordered to do so, have not participated in any domestic violence counseling despite certain admissions to caseworkers that such problem exists. Finally, respondents lied to and misled caseworkers and involved the children in these lies. Significantly, "[d]iligent efforts do not require that a parent be relieved of all initiative and responsibility for making a plan work." (*Matter of Dixie Lu EE.,* 142 AD2d 747, 749; *see, Matter of Dutchess County Dept. of Social Servs. v Mark M.,* 230 AD2d 737, *lv denied* 89 NY2d 802). In these circumstances, we find that petitioner has satisfied its statutory obligation (*see,* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.,* 63 NY2d 136, 142).

Petitioner also demonstrated, contrary to the mother's contention, that the mother was physically and financially able to plan for the children's future (see, Social Services Law § 384-b [7] [a]), and such testimony was not contradicted by the mother, who did not testify. In addition, petitioner had encouraged the mother to pursue a supervised housing program but she never completed the application process, indicating that she could not tolerate the rules and structure.

Finally, given the evidence of the established history of respondents' unstable life style, including the constant patterns of marital separation under violent and abusive circumstances, as well as the opinions of professionals,* we agree with Family Court's decision that the children's needs for consistency, affection, permanency and a supportive environment will best be served by the termination of parental rights. The limited history of an improvement in respondents' situation was insufficient to suggest that alternative dispositions were in the children's best interests.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* While we agree with the mother that the introduction into evidence of a certain affidavit was error because no proper foundation was established, said error was harmless as other testimony existed in the record on the same topic and, furthermore, the affidavit played no apparent role in Family Court's decision.