■ In the Matter of FERNANDO V., a Child Alleged to be Permanently Neglected. FERDINAND V., Respondent, et al., Respondent; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant. LEGAL AID SOCIETY OF THE CITY OF NEW YORK, as Law Guardian, Appellant. [712 NYS2d 537] —Order, Family Court, New York County (Rhoda Cohen, J.), entered February 16, 1999, which, to the extent appealed from, dismissed a petition to terminate respondent father's parental rights as to his son, Fernando V., on the ground of permanent neglect, unanimously reversed, on the law and the facts, without costs, the petition reinstated and granted to the extent of finding permanent neglect, and the matter remanded for a permanency hearing pursuant to Social Services Law § 392 (6-a) within 30 days of entry of this decision.

On February 20, 1996, the Administration for Children's

Services (ACS) filed a petition to terminate respondent father's parental rights to Fernando (born October 26, 1992) on the ground that the father had failed to plan for Fernando for more than one year following the child's placement in foster care. The petition also sought to terminate the mother's parental rights. Fernando's parents were never married and were living apart at the time of the petition. They had two older children in foster care, Ferdinand, Jr. and Stephanie. Three of the mother's children from a prior relationship, Tamika, Arthur and Constance, were also in foster care. Case planning for the children was divided among various child care agencies. The Jewish Child Care Association (JCCA) supervised the placement of Ferdinand, Jr., while the New York Foundling Hospital (NYF) was responsible for Stephanie and her three half-siblings. However, ACS retained direct responsibility for Fernando.

Fernando was born in 1992 with a positive toxicology for cocaine. He was remanded to ACS as soon as he was dismissed from the hospital. ACS filed a neglect petition. In 1993, a neglect finding was made and Fernando was placed by ACS in the non-kinship foster home where he remains to this day.

An ACS caseworker, Ms. Garcia, was the case manager for Fernando, Ferdinand, Jr. and Stephanie. Efforts to reunite the family were made by NYF and JCCA, which coordinated the parental visits and reported to Ms. Garcia about the family's progress. The agencies scheduled the parents to visit with several children at once, rather than individually.

Respondent father, who is disabled, did not live with the mother for most of the 22-month period that was relevant to the neglect petition. His income was from Social Security, a pension and a part-time job. He had an apartment that ACS deemed adequate for Fernando if the child were returned to his father. However, respondent father did not attend 20 of the 40 scheduled family visits. He also refused to comply with certain conditions imposed by the agencies as prerequisites for the return of his children, namely that he complete a parenting class and undergo psychiatric evaluation and drug testing. Respondent contends that he was misinformed about these requirements.

The Family Court granted petitioner's neglect petition terminating the mother's parental rights because she had not made a sufficient effort to overcome her drug abuse problems, despite the agencies' referrals for drug treatment. However, the court considered respondent father to be a more stable individual, with no evidence of drug problems, despite his

reported refusal to cooperate in drug testing. The court credited the father's claim that he did his best to visit with Fernando but that no caseworker would respond to him and set up a working plan for the boy's return. Primarily, the court was concerned that no agency had specifically planned for Fernando. According to the court, ACS could not rely on the actions of the JCCA and NYF caseworkers because it never delegated responsibility for Fernando to them. Therefore, the court found that ACS had not established that it made diligent efforts to work with the father and strengthen the parental bond with respect to Fernando.

Though the petition was dismissed as to the father, Fernando's placement was extended for another year. Respondent father's parental rights have been terminated with respect to Ferdinand, Jr. and Stephanie, based on a finding of educational neglect as well as domestic violence.

We reinstate the neglect petition, grant it to the extent of finding permanent neglect, and remand the matter to Family Court for a permanency hearing. Typically, in a parental termination case, the agency has the initial burden to show that it exercised diligent efforts to reunite the family (*Matter of Joshua J.*, 196 AD2d 719). Proof of such efforts can include the testimony of caseworkers and case records from other agencies that have coordinated their attempts to plan for the parent's other children (*Matter of Joshua J., supra*; *Matter of Daniel AA.*, 241 AD2d 703).

However, under Social Services Law § 384-b (7) (a) and § 392 (6-a) (f), the agency is excused from its duty to show that it made diligent efforts to reunite the child with his biological parent when the latter's parental rights to a sibling of such child have been involuntarily terminated. As noted above, respondent father's parental rights to Fernando's two siblings have been terminated on the grounds of neglect. Accordingly, the issue on which the Family Court based its decision is no longer dispositive, and the neglect petition should be reinstated and granted to the extent indicated (*see, Matter of Bernard Richard H.*, 198 AD2d 22).

Section 392 (6-a) further states that if the court finds that reasonable efforts are not required because one of the statutory exceptions applies, a permanency hearing shall be held within 30 days of this finding. We therefore remand this matter to the Family Court for such a hearing (*see, Matter of Bernard Richard H., supra*). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.