■ In the Matter of YUSEF M. and Another, Children Alleged to be Neglected. ALFRED M., JR., et al., Appellants; COMMISSIONER OF SOCIAL SERVICES, Respondent. In the Matter of SADIKA RAEZA M. and Another, Children Alleged to be Permanently Neglected. LEAKE & WATTS CHILDREN'S HOME, Respondent; SHEILA M. et al., Appellants. [714 NYS2d 265] —Final orders of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about April 18, 1996, which, upon prior findings of permanent neglect against appellant parents, terminated appellants' parental rights over the subject children, Sadika M. and Sauda M., and transferred custody and guardianship of the children to petitioners Leake & Watts and the Commissioner of Social Services, unanimously affirmed, without costs. Appeal from order, same court (Gloria Sosa-Lintner, J.), entered on or about January 24, 1994, which, after a hearing, found appellants to have permanently neglected the aforesaid children, unanimously dismissed, without costs. Appeal from order of disposition, same court (Marjory Fields, J.), entered on or about March 22, 1996, which determined that appellant parents had neglected their children, Yusef M. and Baby Girl M., and placed such children with the Commissioner of Social Services for a period of up to 12 months, unanimously dismissed as moot, without costs.

Clear and convincing evidence was presented that, although petitioner agency exerted diligent efforts to reunite appellant parents with the subject children, appellants made no genuine attempt within the statutory time frame to deal with the serious personal problems standing in the way of their assumption of parental responsibilities. The findings of permanent neglect were, accordingly, warranted (see, Social Services Law § 384-b [7]; *Matter of Jamie M.*, 63 NY2d 388, 393-395; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143).

Also proper was Family Court's dispositional determination terminating appellants' parental rights. The subject children

have been in foster care nearly all their lives, during which time appellants have made no perceptible progress toward curing their parenting deficiencies. Thus, it was in the subject children's best interests that appellants' parental rights be terminated and the adoption process move forward.

We have considered appellants' remaining arguments and find them unavailing. Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.