# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1058**
**CAF 13-01888**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JOSEPH E.K.
------------------------------------------------
NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

LITHIA K., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.

ABRAHAM J. PLATT, LOCKPORT, FOR PETITIONER-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered September 30, 2013 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent on the ground of mental illness.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In these proceedings pursuant to Social Services Law § 384-b, respondent mother appeals from separate orders terminating her parental rights to the subject child on grounds of mental illness (appeal No. 1) and permanent neglect (appeal No. 2).  With respect to appeal No. 1, we reject the mother's contention that Family Court erred in determining that petitioner established by clear and convincing evidence that she is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (§ 384-b [4] [c]; *see Matter of Christopher B., Jr. [Christopher B., Sr.]*, 104 AD3d 1188, 1188; *Matter of Alberto C. [Tibet H.]*, 96 AD3d 1487, 1488, *lv denied* 19 NY3d 813).  The court-appointed psychologist who conducted a mental health evaluation of the mother testified that she suffers from paranoid schizophrenia, which causes her to have delusions and "grossly erroneous beliefs."  According to the psychologist, the mother, due to her mental condition, is unable to care for the child and, based on his special needs, the child would be in even greater danger if placed with the mother.  Although the mother's condition was treatable, she refused to take prescribed medication.  We note that one of the mother's witnesses was a psychologist who met with her once before trial.  Although the psychologist testified that she saw no evidence

that the mother suffered from a major psychiatric illness, the psychologist added that she was "certainly not advocating that [the mother] be given custody of her child back today.  There are issues.  There are things that need to be dealt with."  It is well settled that "[t]he mere possibility that [the mother's] condition, with proper treatment, may improve in the future is insufficient to vitiate [the court's determination]" (*Matter of Steven M.*, 37 AD3d 1072, 1072 [internal quotation marks omitted]; *see Matter of Trebor UU.*, 295 AD2d 648, 650).  We therefore conclude that the court properly granted the petition seeking to terminate the mother's parental rights based on mental illness.

With respect to appeal No. 2, the mother contends that the court's finding of permanent neglect must be vacated because it did not conduct separate dispositional hearings on the two petitions.  Although the court conducted a dispositional hearing on the permanent neglect petition, it properly concluded that no dispositional hearing was required on the mental illness petition, inasmuch as " 'a separate dispositional hearing is not required following the determination that [a parent] is unable to care for [a] child because of mental illness' " (*Matter of Vincent E.D.G. [Rozzie M.G.]*, 81 AD3d 1285, 1286, *lv denied* 17 NY3d 703).  Nevertheless, we conclude that, given the court's finding that the mother was incapable of caring for the child based on her mental illness, the court erred in terminating her parental rights on the additional ground of permanent neglect.  The mother "could not be found to be mentally ill to a degree warranting termination of [her] parental rights and at the same time be found to have failed to plan for the future of the child[ ] although physically and financially able to do so" (*Matter of Kyle K.*, 49 AD3d 1333, 1334, *lv denied* 10 NY3d 715).  We therefore reverse the order in appeal No. 2 and dismiss the petition therein.

Entered:  November 21, 2014                     Frances E. Cafarell
                                                Clerk of the Court