# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

278

CAF 13-01168

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DOREAN G.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

SHAWNTAI M., ALSO KNOWN AS TRUTH G.,
RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

JENNIFER M. LORENZ, LANCASTER, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 6, 2013 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order terminating her parental rights to the subject child on the ground of mental illness. We reject the mother's contention that Family Court erred in determining that petitioner established by clear and convincing evidence that she is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [her] child" (§ 384-b [4] [c]; *see Matter of Joseph E.K. [Lithia K.]*, 122 AD3d 1373, 1373). The testimony of petitioner's witnesses, including a court-appointed psychologist, "established that the [mother] was so disturbed in [her] behavior, feeling, thinking and judgment that, if [her child] were returned to [her] custody, [her child] would be in danger of becoming a neglected child" (*Matter of Christopher B., Jr. [Christopher B., Sr.]*, 104 AD3d 1188, 1188; *see* § 384-b [6] [a]; *Matter of Delia S.*, 122 AD3d 1449, 1449). We further note that the mother's testimony substantiates the psychologist's opinion that the mother's condition would not improve in the foreseeable future (*see generally Matter of Bryant S.*, 188 AD2d 1078,

1078-1079).

Entered:  March 20, 2015                     Frances E. Cafarell
                                             Clerk of the Court