Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered February 25, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent Joseph M. had abandoned the subject child.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that terminated his parental rights with respect to the subject child on the ground of permanent neglect. We affirm. The father contends that Family Court erred in excusing petitioner from demonstrating diligent efforts toward reunifying the father with the child based on the father’s incarceration. Contrary to the father’s contention, the court did not excuse petitioner from its obligation to demonstrate diligent efforts based on the father’s incarceration but, rather, excused petitioner on the ground that the court, in a prior order under a separate docket number, had “previously determined in accordance with [section 358-a (3) (b)] . . . that reasonable efforts to make it possible for the child to return safely to his or her home [were] not required” (§ 384-b [7] [a]; see § 358-a [3] [b]). Petitioner contends that the father’s contention is not properly before this Court because he did not appeal from the earlier order. We reject that contention. The father is challenging the court’s determination in the instant proceeding to excuse petitioner from demonstrating diligent efforts toward reunification. Although the court’s determination in this proceeding was based on a previous determination under a separate docket number, the father’s contention is properly before us. In any event, we agree with petitioner that the father’s contention lacks merit (see § 384-b [7] [a]; see also § 358-a [3] [b]; Matter of Carlos R., 63 AD3d 1243, 1244-1245 [2009], lv denied 13 NY3d 704 [2009]; Matter of Fernando V., 275 AD2d 280, 282 [2000]).
 

 Contrary to the father’s further contention, petitioner established that the father permanently neglected the child inasmuch as he “failed to address successfully the problems that led to the removal of the child and continued to prevent the child’s safe return” (Matter of Ja-Nathan F., 309 AD2d 1152, 1152 [2003]; see generally Matter of Nathaniel T., 67 NY2d 838, 841-842 [1986]). Although the father contends on appeal that a suspended judgment would have been in the child’s best interests, the father “did not request a suspended judgment at the dispositional hearing and thus failed to preserve for our review [his] contention that the court erred in failing to grant that relief” (Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [2015], Iv denied 25 NY3d 910 [2015]; see Matter of Charles B., 46 AD3d 1430, 1431 [2007], Iv denied 10 NY3d 705 [2008]). In any event, where, as here, the parent has not made any progress in addressing the issues that led to the child’s removal, a suspended judgment is unwarranted (see Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [2017]; Matter of James P. [Tiffany H.], 148 AD3d 1526, 1527 [2017], lv denied 29 NY3d 908 [2017]).
 

 Finally, we reject the father’s contention that he was denied effective assistance of counsel “inasmuch as he did not demonstrate the absence of strategic or other legitimate explanations for counsel’s alleged shortcomings” (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [2015] [internal quotation marks omitted]).
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.