■ In the Matter of JASON B. and Others, Infants. YATES COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALD B., Appellant, et al., Respondent. [63 NYS3d 630]—

Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered May 18, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding to terminate the parental rights of, inter alia, respondent father with respect to his four children on the grounds of mental illness and permanent neglect. After a fact-finding hearing, Family Court terminated the father's parental rights on the ground of mental illness, and declined to rule on whether the father had permanently neglected the children. We affirm.

As an initial matter, the father's contention that the children should have been returned to his care a month after their initial removal from the home is not preserved for our review because he never raised that contention at the hearing to terminate his parental rights (*see generally Matter of Omia M. [Tykia B.]*, 144 AD3d 1637, 1637 [4th Dept 2016]). In any event, we conclude that the contention is without merit.

Contrary to the father's further contention, we conclude that petitioner established "by clear and convincing evidence that [the father], by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for [his] children" (*Matter of Jarred R.*, 236 AD2d 888, 888 [4th Dept 1997]; *see* Social Services Law § 384-b [3] [g] [i]; [4] [c]). The psychologist who examined the father on petitioner's behalf testified that the father suffered from delusional disorder, paranoid type and persecutory type. The psychologist further testified that, as a result of the disorder, the father was unable to parent the children effectively, and that the children would be in danger of being harmed or neglected if they were returned to his care at the present time or in the foreseeable future (*see Matter of Logan Q. [Michael R.]*, 119 AD3d 1010, 1011 [3d Dept 2014]). Reviewing the psychologist's testimony as a whole, we reject the father's contention that the testimony was equivocal with respect to his inability to parent the children (*see Matter of Darius B. [Theresa B.]*, 90 AD3d 1510, 1510 [4th Dept 2011]). In addition, inasmuch as the psychologist had performed a recent and extensive examination of the

father, the fact that some of the records upon which the psychologist relied to form his opinion were older than other records "does not render the evidence insufficient to meet petitioner's burden" (*Matter of Deondre M. [Crystal T.]*, 77 AD3d 1362, 1363 [4th Dept 2010]).

The father's contention that the court erred in failing to conduct a separate dispositional hearing is not preserved for our review (*see Matter of Damion S.*, 300 AD2d 1039, 1040 [4th Dept 2002]). In any event, "a separate dispositional hearing is not required following the determination that [a parent] is unable to care for [a] child because of mental illness" (*Matter of Joseph E.K. [Lithia K.]*, 122 AD3d 1373, 1374 [4th Dept 2014] [internal quotation marks omitted]). In view of our determination that the court properly terminated the father's parental rights based on mental illness, we do not address his contention that petitioner failed to establish permanent neglect.

Lastly, we reject the father's contention that he was denied effective assistance of counsel "inasmuch as he did not demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390 [4th Dept 2015] [internal quotation marks omitted]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.