Appeal from an order of the Family Court, Erie County (Sharon M. Lo Vallo, J.), entered February 5, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent’s parental rights with respect to the subject children.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Respondent father appeals from an order that terminated his parental rights with respect to the subject children on the grounds of mental illness and intellectual disability. Contrary to the father’s contention, petitioner met its burden of establishing by clear and convincing evidence that he is “presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide proper and adequate care for [the] child[ren]” (Social Services Law § 384-b [4] [c]; see Matter of Henry W., 31 AD3d 940, 941 [3d Dept 2006], lv denied 7 NY3d 711 [2006]). The testimony and report of petitioner’s expert psychologist established that the father’s capacity to care for the children was substantially impaired as the result of both his limited intellectual functioning (see Matter of Destiny V. [Lynette V.], 106 AD3d 1495, 1495-1496 [4th Dept 2013]; Matter of Cayden L.R. [Jayme R.], 83 AD3d 1550, 1550 [4th Dept 2011]), and his antisocial personality disorder (see Matter of Christopher B., Jr. [Christopher B., Sr], 104 AD3d 1188, 1188 [4th Dept 2013]; Matter of Kaylene S. [Brauna S.], 101 AD3d 1648, 1648-1649 [4th Dept 2012], lv denied 21 NY3d 852 [2013]). Petitioner’s expert further concluded that the father’s conditions were not amenable to treatment, and thus the father’s inability to care for the children extended into the foreseeable future (see Destiny V., 106 AD3d at 1496; Kaylene S., 101 AD3d at 1649).
 

 The father did not object to the testimony or report of the expert psychologist on the ground that his methods should have been subjected to a Frye hearing, and thus the father failed to preserve that contention for our review (see Matter of Nadya S. [Brauna S.], 133 AD3d 1243, 1244 [4th Dept 2015], lv denied 26 NY3d 919 [2016]; Matter of York v Zullich, 89 AD3d 1447, 1448 [4th Dept 2011]). The father also failed to preserve for our review his challenge to the admission in evidence of several exhibits consisting of case notes and progress notes, inasmuch as he did not object to those exhibits on the ground presently raised on appeal, i.e., that petitioner failed to establish a proper foundation for their admission (see Matter of Samantha M. [Allison Y.], 112 AD3d 421, 422 [1st Dept 2013]; Matter of Cassie L.K., 225 AD2d 550, 550 [2d Dept 1996]). In any event, any error in admitting those exhibits was harmless (see Matter of Skye N. [Carl N.], 148 AD3d 1542, 1544 [4th Dept 2017]; Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
 

 Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.