Matter of Norah T. (Norman T.) (2018 NY Slip Op 06681)





Matter of Norah T. (Norman T.)


2018 NY Slip Op 06681


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1060 CAF 16-02125

[*1]IN THE MATTER OF NORAH T. AND NORMAN T. CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; NORMAN T., RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ADAM H. VANBUSKIRK, AUBURN, FOR PETITIONER-RESPONDENT.
ARDETH L. HOUDE, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered November 7, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by dismissing the petition insofar as it alleges that respondent permanently neglected the subject children and as modified the order is affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking to terminate the parental rights of respondent father with respect to the subject children on the grounds of mental illness and permanent neglect. Following a fact-finding hearing, Family Court found both that the father was mentally ill and that he had permanently neglected the subject children by failing to plan for their future, although physically and financially able to do so. Based on that determination, the court, inter alia, terminated the father's parental rights. The father appeals.
Contrary to the father's contention, we conclude that petitioner established "by clear and convincing evidence that [the father], by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for [his] children" (Matter of Jarred R., 236 AD2d 888, 888 [4th Dept 1997]; see Social Services Law § 384-b [3] [g] [i]; [4] [c]). Petitioner presented the testimony of two psychologists who examined the father and testified that he suffered from multiple mental illnesses, including antisocial personality disorder and narcissistic personality disorder. One psychologist testified that, as a result of the father's mental illness, the children would be placed in immediate jeopardy of neglect or harm if they were returned to the father's care (see Matter of Jason B. [Gerald B.], 155 AD3d 1575, 1575 [4th Dept 2017], lv denied 31 NY3d 901 [2018]). We conclude that, "[g]iving due deference to [the court's] factual determinations, based upon its observations of witnesses and review of exhibits, coupled with the absence of contradictory expert evidence, petitioner's proof was sufficient to sustain the finding made" (Matter of Ashley L., 22 AD3d 915, 916 [3d Dept 2005]).
The father further contends that the court erred in admitting in evidence the testimony and reports of one of the examining psychologists inasmuch as that psychologist relied on inadmissible hearsay. The father failed to object to the admission of the evidence on that basis and thus his contention is unpreserved for our review (see Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1319 [4th Dept 2016]). The father also contends that certain reports generated by the Madison County Department of Social Services were improperly admitted in evidence. Although that contention is preserved for our review, we conclude that, even assuming, arguendo, that the court improperly admitted in evidence portions of the reports that contained [*2]hearsay, the error is harmless because " the result reached herein would have been the same even had such record[s], or portions thereof, been excluded' " (Matter of Alyshia M.R., 53 AD3d 1060, 1061 [4th Dept 2008], lv denied 11 NY3d 707 [2008]; see Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
Given the court's finding that the father was incapable of caring for the children based on his mental illness, however, the court erred in terminating his parental rights on the additional ground of permanent neglect. The father "could not be found to be mentally ill to a degree warranting termination of his parental rights and at the same time be found to have failed to plan for the future of the children although physically and financially able to do so" (Matter of Kyle K., 49 AD3d 1333, 1334 [4th Dept 2008], lv denied 10 NY3d 715 [2008]). We therefore modify the order by dismissing the petition insofar as it alleges that the father permanently neglected the subject children.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court