Matter of Michael S. (Rebecca S.) (2018 NY Slip Op 06671)





Matter of Michael S. (Rebecca S.)


2018 NY Slip Op 06671


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1049.1 CAF 16-01625

[*1]IN THE MATTER OF MICHAEL S., JR., AND AVA W. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; REBECCA S., RESPONDENT-APPELLANT. 
IN THE MATTER OF LLOYD S., PETITIONER-RESPONDENT, 
 and
REBECCA S., RESPONDENT-APPELLANT, AND ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
ROSEMARY L. BAPST, BUFFALO, FOR PETITIONER-RESPONDENT. 
CHERYL A. ALOI, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered August 9, 2016. The order, among other things, dismissed the petitions of Lloyd S. seeking custody of the subject children. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal Nos. 2 and 3, respondent mother appeals from orders that, inter alia, terminated her parental rights with respect to the subject children on the ground of mental illness. We affirm.
Contrary to the mother's contention, we conclude that petitioner "met its burden of demonstrating by clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child[ren]" (Matter of Vincent E.D.G. [Rozzie M.G.], 81 AD3d 1285, 1285 [4th Dept 2011], lv denied 17 NY3d 703 [2011] [internal quotation marks omitted]; see generally Social Services Law § 384-b [4] [c]; Matter of Joyce T., 65 NY2d 39, 48 [1985]). Indeed, at trial, petitioner presented evidence establishing that the mother suffers from antisocial personality disorder, which is characterized by a lack of empathy, the failure to adhere to social norms, aggression, impulsiveness, and a failure to plan (see Matter of Neveah G. [Jahkeya A.], 156 AD3d 1340, 1341 [4th Dept 2017], lv denied 31 NY3d 907 [2018]; Matter of Ayden W. [John W.], 156 AD3d 1389, 1389 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; Matter of Summer SS. [Thomas SS.], 139 AD3d 1118, 1120-1121 [3d Dept 2016]), and that "the children would be in danger of being neglected if they were returned to her care at the present time or in the foreseeable future" (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied — NY3d — [Sept. 6, 2018]).
We also reject the mother's contention that Family Court abused its discretion by failing to hold a dispositional hearing. As the mother correctly concedes, "a separate dispositional hearing is not required following the determination that [a parent] is unable to care for [a] child because of mental illness" (Matter of Jason B. [Gerald B.], 155 AD3d 1575, 1576 [4th Dept [*2]2017], lv denied 31 NY3d 901 [2018] [internal quotation marks omitted]; see generally Joyce T., 65 NY2d at 49-50). Instead, the decision whether to conduct a dispositional hearing is left to the sound discretion of the court (see generally Joyce T., 65 NY2d at 46; Matter of Jimmy Jeremie R., 29 AD3d 913, 914 [2d Dept 2006]). The court's failure to conduct a separate dispositional hearing was not an abuse of discretion inasmuch as the evidence at trial established that, under the circumstances of this case, termination of the mother's parental rights and freeing the children for adoption was in the best interests of the children (see generally Joyce T, 65 NY2d at 46, 49-50; Matter of Henry W., 31 AD3d 940, 943 [3d Dept 2006], lv denied 7 NY3d 711 [2006], lv denied 8 NY3d 816 [2007]).
Finally, we note that the mother does not raise any issues with respect to the court's order in appeal No. 1, and the mother has therefore abandoned any contentions with respect thereto (see Matter of Jones v Jamieson, 162 AD3d 1720, 1721 [4th Dept 2018]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We therefore dismiss the appeal from the order in appeal No. 1 (see Matter of Trombley v Payne [appeal No. 2], 144 AD3d 1551, 1552 [4th Dept 2016]; Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011].
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court