Matter of Jamarion N. (Ernest N.) (2020 NY Slip Op 01771)





Matter of Jamarion N. (Ernest N.)


2020 NY Slip Op 01771


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


214 CAF 19-00273

[*1]IN THE MATTER OF JAMARION N. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ERNEST N., RESPONDENT-APPELLANT.






SCOTT T. GODKIN, WHITESBORO, FOR RESPONDENT-APPELLANT.
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (DENISE J. MORGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
PAUL A. NORTON, CLINTON, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered January 9, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect. Contrary to the father's contention, petitioner established by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen his relationship with the child during his periods of incarceration and while he was released (see Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539-1540 [4th Dept 2018], lv denied 32 NY3d 905 [2018]; Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1149-1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]). Among other things, while the father was incarcerated, petitioner sent monthly letters to him, advised him to complete mental health and substance abuse treatment upon release, investigated the father's sister as a potential placement resource for the child, and responded to the father's inquiries. In addition, when the father was not incarcerated, petitioner provided him with opportunities for mental health and substance abuse treatment and also arranged his visitation with the child.
Contrary to the father's further contention, Family Court properly determined that he failed to plan for the future of the child (see Matter of Jarrett P. [Jeremy P.], 173 AD3d 1692, 1695 [4th Dept 2019], lv denied 34 NY3d 902 [2019]; Matter of Callie H. [Taleena W.], 170 AD3d 1612, 1614 [4th Dept 2019]; Alex C., Jr., 114 AD3d at 1150; see generally Social Services Law § 384-b [7] [a]). The father made no substantive progress in addressing his mental health or substance abuse issues, and there is no evidence that he had a "realistic plan to provide an adequate and stable home for the child[ ]" (Jarrett P., 173 AD3d at 1695 [internal quotation marks omitted]). Notably, the father did not "identify a placement resource for the child during the pendency of his incarceration, nor did he have an alternative proposal if he was not released from prison" (id.). The above factors support a finding of permanent neglect.
Finally, the father never requested a suspended judgment, and thus he failed to preserve for our review his contention that the court abused its discretion in failing to issue one (see Matter of Hayleigh C. [Ronald S.], 172 AD3d 1921, 1922 [4th Dept 2019], lv denied 33 NY3d 911 [2019]; Matter of Justin T. [Wanda T.—Joseph M.], 154 AD3d 1338, 1339-1340 [4th Dept 2017], lv denied 30 NY3d 910 [2018]). In any event, inasmuch as the father had not made any progress in addressing the issues noted above, a suspended judgment was not warranted in this [*2]case (see Justin T., 154 AD3d at 1340).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court