Matter of Matilda B. (Gerald B.) (2020 NY Slip Op 05663)





Matter of Matilda B. (Gerald B.)


2020 NY Slip Op 05663


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


882.1 CAF 19-01343

[*1]IN THE MATTER OF MATILDA B. YATES COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; GERALD B. AND PHYLLIS B., RESPONDENTS-APPELLANTS.






TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT GERALD B.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT PHYLLIS B.
DANIELLE A. WARD, PENN YAN, FOR PETITIONER-RESPONDENT. 
JOSEPH S. DRESSNER, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Yates County (Jason L. Cook, J.), entered November 26, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, both respondent mother and respondent father appeal from an order that terminated their parental rights with respect to the subject child on the ground of mental illness. We affirm.
Contrary to respondents' contentions, we conclude that petitioner established " 'by clear and convincing evidence that [respondents], by reason of mental illness, [are] presently and for the foreseeable future unable to provide proper and adequate care for [the] child[ ]' " (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]; see Matter of Jason B. [Gerald B.], 155 AD3d 1575, 1575 [4th Dept 2017], lv denied 31 NY3d 901 [2018]). Testimony from petitioner's expert psychologists established that the child "would be in danger of being neglected if [she] returned to [their] care at the present time or in the foreseeable future" (Jason B., 160 AD3d at 1434).
We also reject respondents' contentions that they were denied effective assistance of counsel (see Jason B., 155 AD3d at 1576; Matter of Deon M. [Vernon B.], 155 AD3d 1586, 1586 [4th Dept 2017], lv denied 30 NY3d 910 [2018]). Contrary to respondents' contentions that they should have been provided with separate counsel, respondents made a motion to Family Court requesting that the same counsel represent both of them, which the court properly granted (see generally Matter of Jason C., 268 AD2d 587, 587-588 [2d Dept 2000]), and thus respondents waived any challenge to joint representation (see generally Matter of Aaron W. v Shannon W., 96 AD3d 960, 962 [2d Dept 2012]). In any event, respondents failed to establish that there were not strategic or other legitimate explanations for counsel's choices during the underlying proceedings (see Jason B., 155 AD3d at 1576; Deon M., 155 AD3d at 1586).
The father's contention that the court should have recused itself is unpreserved because he failed to request that relief at the factfinding hearing (see generally Matter of Justin T. [Wanda T.—Joseph M.], 154 AD3d 1338, 1339-1340 [4th Dept 2017], lv denied 30 NY3d 910 [2018]), and we decline to address that issue in the interest of justice (see generally Matter of Reska v Browne, 182 AD3d 1052, 1053 [4th Dept 2020]; Matter of Tumario B. [Valerie L.], 83 [*2]AD3d 1412, 1412 [4th Dept 2011], lv denied 17 NY3d 705 [2011]).
We reject the father's contention that the court erred in admitting into evidence certain permanency reports inasmuch as the reports were admissible under the business record exception to the hearsay rule (see CPLR 4518 [a]; Matter of Shirley A.S. [David A.S.], 90 AD3d 1655, 1655 [4th Dept 2011], lv denied 18 NY3d 811 [2012]; Matter of Noemi D., 43 AD3d 1303, 1304 [4th Dept 2007], lv denied 9 NY3d 814 [2007]).
Finally, with respect to the father's contention that the court should have granted him a suspended judgment, we conclude that the issue is unpreserved (see Justin T., 154 AD3d at 1339-1340) and, in any event, "[t]here is no statutory provision providing for a suspended judgment when parental rights are terminated based on mental illness" (Matter of Dionne W., 267 AD2d 1096, 1097 [4th Dept 1999]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court