Matter of John D., Jr. (John D.) (2021 NY Slip Op 06472)





Matter of John D., Jr. (John D.)


2021 NY Slip Op 06472


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


676 CAF 19-02010

[*1]IN THE MATTER OF JOHN D., JR., NY'JEEM D., AND SYNCERE D. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; JOHN D., RESPONDENT-APPELLANT. (APPEAL NO. 2.)






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered October 8, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject children. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent John D. challenges the denial of his attorney's request for an adjournment, and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent mother and respondent father each appeal from an order of fact-finding and disposition that, among other things, adjudged that respondents had neglected Syncere D. and placed that child in the custody of petitioner. In appeal No. 2, the father appeals from an order pursuant to Social Services Law
§ 384-b that, inter alia, terminated his parental rights with respect to John D., Jr., Ny'Jeem D., and Syncere on the ground of abandonment upon his default. In appeal No. 3, the mother appeals from an order that, inter alia, terminated her parental rights with respect to Syncere on the ground of abandonment upon her default. In appeal Nos. 4 and 5, the mother appeals from orders that, inter alia, terminated her parental rights with respect to Ny'Jeem and John Jr., respectively, based on permanent neglect. In appeal No. 6, the mother appeals from an order of fact-finding and disposition that, among other things, adjudged that she had neglected Syre'nity D. and placed that child in the custody of petitioner.
Addressing first appeal Nos. 2 and 3, we note that both orders in those appeals were entered following fact-finding and dispositional hearings at which respondents failed to appear and in which their attorneys, although present, elected not to participate (see Matter of Makia S. [Catherine S.], 134 AD3d 1445, 1445-1446 [4th Dept 2015]; Matter of Shawn A. [Milisa C.B.], 85 AD3d 1598, 1598-1599 [4th Dept 2011], lv denied 17 NY3d 713 [2011]). Where, as here, the relevant orders appealed from are made upon respondents' default, " 'review is limited to matters which were the subject of contest below' " (Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; see Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]; Matter of Paulino v Camacho, 36 AD3d 821, 822 [2d Dept 2007]). Thus, in appeal Nos. 2 and 3, review is limited to the denial of the request of respondents' attorneys for an adjournment (see Ramere D., 177 AD3d at 1386-1387).
"Whether to grant or deny an adjournment rests within the trial court's sound discretion, and such requests should be granted only upon a showing of good cause" (Matter of Thompson v Wood, 156 AD3d 1279, 1282 [3d Dept 2017] [internal quotation marks omitted]; see Matter of [*2]Tyler W. [Stacey S.], 121 AD3d 1572, 1573 [4th Dept 2014]; Matter of Shavira P., 283 AD2d 1027, 1028 [4th Dept 2001], lv denied 97 NY2d 605 [2001]). We reject respondents' contention that Family Court abused its discretion in denying the request for an adjournment here inasmuch as counsel offered no "good cause" for the adjournment and instead offered only speculation as to why respondents might be absent. Moreover, that was not respondents' first request for an adjournment; nor was it their first failure to appear for a scheduled hearing without explanation (cf. Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]).
In appeal Nos. 4 and 5, the mother contends that the court abused its discretion in not imposing a suspended judgment. Although the mother contends on appeal that a suspended judgment would have been in the best interests of Ny'Jeem and John Jr., she " 'did not request a suspended judgment at the dispositional hearing and thus failed to preserve for our review [her] contention that the court erred in failing to grant that relief' " (Matter of Justin T. [Wanda T.—Joseph M.], 154 AD3d 1338, 1339-1340 [4th Dept 2017], lv denied 30 NY3d 910 [2018]; see Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315 [4th Dept 2015], lv denied 25 NY3d 909 [2015]). In any event, a suspended judgment was not warranted here inasmuch as "any progress made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the [subject] child[ren]'s unsettled familial status" (Matter of Burke H. [Richard H.], 134 AD3d 1499, 1502 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Donovan W., 56 AD3d 1279, 1280 [4th Dept 2008], lv denied 11 NY3d 716 [2009]).
With respect to appeal Nos. 1 and 6, as noted above, respondents each appealed from the respective orders in appeal Nos. 2 and 3 terminating their parental rights with respect to Syncere. Further, the mother did not appeal from an order terminating her parental rights with respect to Syre'nity and the time for appeal has now passed (see Family Ct Act § 1113; Matter of Liliana G. [Orena G.], 91 AD3d 1325, 1326 [4th Dept 2012]). Inasmuch as the orders terminating respondents' parental rights to both those children are final, the disposition renders moot the appeals from the orders entered in the neglect proceedings (see generally Matter of Raychael L.W., 298 AD2d 829, 829 [4th Dept 2002], lv denied 99 NY2d 504 [2002]; Matter of Yusef M., 276 AD2d 330, 330 [1st Dept 2000], lv dismissed 96 NY2d 792 [2001]; Matter of Unborn Baby B., 158 AD2d 455, 456 [2d Dept 1990]; but see Matter of Keith C., 226 AD2d 369, 370 [2d Dept 1996], lv denied 88 NY2d 807 [1996]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court